IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON DERON,** | : No. 3:11cv1934 |
| **Plaintiff** | : |
| | : (Judge Munley) |
| **v.** | : |
| | : |
| **SG PRINTING, INC. and** | : |
| **SYE GROSS,** | : |
| **Defendants** | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is Defendants Sye Gross and SG Printing, Inc.'s (collectively "defendants") motion brought pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. 5). Defendants move that the court should dismiss the complaint under Rule 12(b)(6) for failure to state a claim for which relief can be granted. Defendants argue in the alternative that if the complaint is not dismissed, then Plaintiff Jason Deron (hereinafter "plaintiff") must file a more definite statement pursuant to Rule 12(e). This matter is fully briefed and ripe for disposition.

**Background**

The instant litigation arises from the dissolution of plaintiff's business relationship with his former employer, Defendant SG Printing, Inc. (hereinafter "SG Printing"), and its Chief Executive Officer, Defendant Sye Gross (hereinafter "Gross"). Specifically, plaintiff asserts, under several legal theories, that the defendants owe him approximately $400,000 in unpaid wages. The well-pleaded facts as described in the complaint are summarized

as follows.

In August 2005, Plaintiff began working for SG Printing, which was "a graphic arts communication company that offered a full range of printing services for the financial marketplace as well as the general commercial book and magazine market." (Doc. 1, Compl. (hereinafter "Compl.") ¶¶ 6, 8). Plaintiff served as SG Printing's Vice President of Sales and he received compensation in the form of sales commissions. (Id. ¶¶ 8-9). Plaintiff alleges that he was paid weekly based upon the commissions he earned in the previous calendar year. (Id. ¶ 11). Plaintiff's compensation structure was determined on behalf of SG Printing by Gross, who held policy-making and check-writing authority in his capacity as SG Printing's CEO. (Id. ¶ 7, 11). Commissions plaintiff earned in excess of his compensation structure were paid out in the following calendar year. (Id. ¶ 11).

On May 25, 2011, defendants issued plaintiff a weekly payment for $5,323.00, and this check was returned to plaintiff by his bank for insufficient funds. (Id. ¶ 15; Doc. 1-2, Ex. A, Check #19312). Gross assured plaintiff that the next paycheck would have sufficient funds. (Compl. ¶ 16). On June 1, 2011, defendants issued plaintiff another weekly payment for $5,323.00, and this check was again rejected for insufficient funds. (Id. ¶ 17; Doc. 1-3, Ex. B, Check #19356). When confronted with this second dishonored check, Gross again promised that there would be sufficient funds for plaintiff's next paycheck. (Compl. ¶ 18). Despite this assurance, plaintiff's June 8 paycheck was similarly rejected for insufficient funds, and shortly after the June 8

paycheck was issued, Gross terminated SG Printing's business operations. (Id. ¶¶ 19-20; Doc. 1-4, Ex. C, Check # 19400).

Plaintiff alleges that during the course of his employment with SG Printing, he earned the following in commission fees: "(a) $103,566.90 for the 2005 calendar year; (b) $270,782.87 for the 2006 calendar year; (c) $451,834.68 for the 2007 calendar year; (d) $465,231.65 for the 2008 calendar year; (e) $395,208.66 for the 2009 calendar year; (f) $441,609.89 for the 2010 calendar year; and (g) $200,411.74 through June 2011." (Compl. ¶ 10). Plaintiff alleges that, as of June 2011, he was owed $394,246.39 in unpaid commission fees ($193,834.65 for the 2010 calendar year and $200,411.74 for the first six months of the 2011 calender year). (Id. ¶¶ 12-14, 21). Plaintiff also maintains that he is entitled to receive $10,003.00 in reimbursement for expenses under the terms of his employment agreement. (Id. ¶¶ 22-23). Thus, plaintiff claims a total of $404,249.39 in unpaid wages that defendants have allegedly refused to pay him. (Id. ¶¶ 24-26).

Plaintiff filed a complaint against defendants and initiated this action on October 18, 2011. In his complaint, plaintiff asserts that he is entitled to relief under the Pennsylvania Wage Payment and Collection Law, 43 PA. CONS. STAT. ANN. § 260, *et seq.*, including sums for attorneys' fees, costs and liquidated damages. (Id. ¶¶ 27-29). Plaintiff also claims that he is entitled to his alleged unpaid wages under breach of contract and unjust enrichment theories of liability. (Id. ¶¶ 30-40).

3

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff is a citizen and resident of the state of New Jersey. (Compl. ¶ 1).  Defendant SG Printing, Inc. is a Pennsylvania corporation with a principal place of business in Waymart, Pennsylvania.  (Id. ¶ 2).  Defendant Sye Gross is a citizen and resident of the state of New York. (Id. ¶ 3).  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.00, the court has jurisdiction over the case.  See 28 U.S.C. § 1332.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint are tested.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the speculative level.'"  McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Twombly, 550 U.S. at 555-56).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the

5

type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Defendants seek dismissal of the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as a matter of law. In particular, defendants assert that plaintiff has failed to meet federal pleading standards because the complaint does not allege the specific terms of his employment agreement, facts to support piercing the corporate veil, or how plaintiff calculated his outstanding commission fees. Defendants argue in the alternative that plaintiff should be required to provide a more definite statement of his claim pursuant to Rule 12(e). The court agrees that defendant has failed to state a claim as a matter of law, and, as such, it will not be necessary to decide defendants' argument in the alternative. The court will first examine the sufficiency of plaintiff's breach of contract claim,

after which the court will assess the viability of plaintiff's claim under the Pennsylvania Wage Payment and Collection Law (hereinafter "WPCL") and under the theory of unjust enrichment.

**I. Breach of Contract**

As is mentioned above, plaintiff's three-count complaint requests relief under the WPCL in the first count, for breach of contract in the second count, and under the theory of unjust enrichment in the third count. The court will first address the sufficiency of plaintiff's second count for breach of contract. With respect to the second count, defendants argue that plaintiff has failed to state a claim for which relief can be granted because "no contract is claimed to exist and no terms of the contract can be identified to be present in the complaint." (Doc. 6, Mem. in Supp. of Mot. to Dismiss at 7).

Plaintiff disputes defendants' argument with respect to the sufficiency of his contract claim and contends that he alleged all of the necessary elements to state a claim for breach of contract.[1] With respect to the sufficiency of his allegations regarding the terms of his employment contract, plaintiff points to paragraphs 11 and 12 of the complaint (Doc. 7, Pl.'s Br. in Opp'n to Mot. to Dismiss at 9). These paragraphs of the complaint provide as follows:

---

[1] While it superficially appears that the breach of contract claim is against both defendants, (see Compl. ¶¶ 30-34), the court notes that plaintiff has neglected to plead any theory upon which he intends to hold Defendant Gross liable in his personal capacity, such as piercing the corporate veil. See 18 KT.TV v. Entest Biomedical, Inc., 3:11cv244, 2011 WL 5374515, at *7-8 (M.D. Pa. Nov. 7, 2011) (dismissing breach of contract claims against corporate officer and shareholder when veil piercing factors were not alleged and the contract was between the plaintiff and corporate defendant).

7

> 11. Each year, SG Printing and Gross would determine the weekly compensation that Deron would receive to pay for commissions earned in the prior year. To the extent additional commissions were earned in the current year that exceeded the weekly compensation structure determined by Gross and SG Printing, such commissions would be paid in full the following year.
>
> . . .
>
> 22. Additionally, as part of the terms of his employment, Deron is entitled to receive reimbursement for all business expenses he incurred while employed at SG Printing.

(Compl. ¶¶ 11, 22).

Under Pennsylvania law, parties asserting claims for breach of contract must allege the following three elements to adequately state a claim: "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages." Alpart v. Gen. Land Partners, Inc., 574 F. Supp. 2d 491, 502 (E.D. Pa. 2008) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)); see also Mavrinac v. Emergency Med. Ass'n of Pittsburgh, No. 2:04-cv-1880, 2005 WL 2304995, at *8 (W.D. Pa. Sept. 21, 2005) (noting that to plead a breach of contract, "a plaintiff must assert the existence of a valid and binding contract; that the plaintiff has complied with [the] contract by performing her own obligations under it; [that] all conditions precedent were fulfilled; [that] there was a breach of the contract; and [that] damages were incurred" (citing Pierce v. Montgomery Cnty Opportunity Bd., Inc., 884 F. Supp. 965, 970 (E.D. Pa. 1995))).

A complaint alleging a breach of contract should clearly identify whether the alleged contract is written or oral. See Goshen Veneer Co. v. G. & A.

Aircraft, Inc., 3 F.R.D. 344, 345 (E.D. Pa. 1944).  With respect to express written contracts, Federal Rule of Civil Procedure 8(a) "permits a plaintiff to assert the existence of an express, written contract either by setting it forth verbatim in the complaint, or plaintiff may 'attach a copy as an exhibit, or plead it according to its legal effect.'"  Pierce, 884 F. Supp. at 970 (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1235 at 272, 273 (1990)).

In the instant case, the court finds that plaintiff has not adequately stated a claim for breach of contract.  Even though plaintiff has pled that defendants breached a duty imposed by the contract by failing to pay him commission fees, and that this breach resulted in damages ($404,249.39), he nonetheless failed to allege the essential terms of the contract.  Plaintiff did not attach a copy of his employment contract to the complaint.  Although plaintiff's complaint is rife with references to unspecified "terms and conditions," (see Compl. ¶¶ 10, 21-22, 32), he does not provide information as to the content of these terms of employment.  At best, plaintiff alleges that some kind of contract terms exist, that these terms were set on an annual basis and that they included provisions for the reimbursement of certain unspecified business expenses.  (Compl. ¶¶ 11, 22).  This, however, does not amount to an allegation of the essential terms of the contract.

Plaintiff does allege that, in his capacity as Vice President of Sales, he "received compensation on a commission basis calculated by the amount of his sales," (Compl. ¶ 9), but he leaves the court to speculate as to the terms

and conditions of this employment contract that allegedly entitles the plaintiff to hundreds of thousands of dollars in compensation. Plaintiff does not allege whether the employment agreement at issue was written or oral. Plaintiff does not state his commission rate or the amount of his sales during the period of time in question. The complaint is devoid of any reference to plaintiff's obligations under the employment contract, and what efforts plaintiff undertook to fulfill those obligations and earn his commission fees. In essence, plaintiff's complaint can be summarized as a demand for over $400,000 in commission fees pursuant to ambiguous and unspecified "terms of employment."

The defects in plaintiff's complaint in the instant case are similar to those of the complaint in In re Domiano. In Domiano, a bankruptcy court sitting in our district dismissed a breach of contract claim because the complaint did not state a plausible breach of contract claim under Pennsylvania law. In re Domiano, 422 B.R. 497, 504 (Bankr. M.D. Pa. 2009). Specifically, the court found that the existence of a contract was not properly alleged, and "the Court should not be asked to speculate as to the terms of the alleged contract." Id. In reaching this decision, the court noted that "neither a copy of the contract was attached to the Amended Complaint nor were its essential terms even summarized." Id. Like the court in Domiano, we find that the complaint in the instant case requires the court to speculate as to its essential terms, and thus fails to state a claim for breach of contract. The court will accordingly dismiss plaintiff's claim for breach of contract

without prejudice.

## II. Wage Payment & Collection Law

In count I of the complaint, plaintiff asserts that he is contractually entitled to unpaid wages and liquidated damages pursuant to the WPCL. (Compl. ¶¶ 6-29). Similar to his argument with respect to the claim for a breach of contract, defendants contend that plaintiff's WPCL claim must be dismissed for failure to allege facts to support the existence of an employment contract. The court agrees and plaintiff's WPCL claim will be dismissed without prejudice.[2]

The WPCL provides that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employes on regular paydays designated in advance by the employer." 43 PA. CONS. STAT. ANN. § 260.3(a). For purposes of this law, employers include "every person, firm, partnership, association, cooperation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 PA. CONS. STAT. ANN. § 260.2a. The term "wage" is defined by the WPCL as "all earnings of an employe, regardless of whether determined on time, task, piece,

---

[2] The court's finding that the complaint is insufficient is limited to the absence of clear allegations with respect to the terms and conditions of the employment agreement. The court notes that defendants' other arguments with respect to the WPCL claims were unconvincing and unsupported by the law. For instance, defendants' claim that no WPCL claim has been set forth against Defendant Gross is contradictory to the language of the statute, which defines company officials, such as Gross, as employers and holds them liable for unpaid wages. See 43 PA. CONS. STAT. ANN. §§ 260.2a, 260.3(a).

11

commission or other method of calculation." Id.  The WPCL additionally confers onto employees the ability to institute legal actions to collect wages payable to them by employers.  See 43 PA. CONS. STAT. ANN. § 260.9a; see also Oberneder v. Link Computer Corp., 696 A.2d 148, 150 (Pa. 1997) ("The Wage Payment and Collection Law provides employees a statutory remedy to recover wages and other benefits that are contractually due to them.").

Courts interpreting Pennsylvania law within the Third Judicial Circuit have found that "'a prerequisite for relief under the WPCL is a contract between employee and employer that sets forth their agreement on wages to be paid . . . . Relief under the WPCL is implausible without [the] existence of a contract.'"[3]  Scott v. Bimbo Bakeries, USA, Inc., No. 10-3154, 2012 WL 645905, at *4 (E.D. Pa. Feb. 29, 2012) (quoting Lehman v. Legg Mason, Inc., 532 F. Supp. 2d 726, 733 (M.D. Pa. 2007)); see also Divenuta v. Bilcare, Inc., No. 09-3657, 2011 WL 1196703, at *9 (E.D. Pa. Mar. 30, 2011) (noting that "to sustain his wage-payment claims, [the plaintiff] must demonstrate that he was contractually entitled to compensation and that he was not paid" (citing Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 716 (Pa. Super. Ct. 2005))).  "The 'WPCL does not create a right to compensation.  Rather, it

---

[3] The Superior Court of Pennsylvania has recently held that WPCL claims are viable in the absence of a contract when the complaint clearly indicates that the wages might be owed to the plaintiff pursuant to the Pennsylvania Minimum Wage Act.  Lugo v. Farmers Pride, Inc., 967 A.2d 963, 969 (Pa. Super. Ct. 2009).  The instant complaint does not allege that defendants' conduct violates the Pennsylvania Minimum Wage Act, thus relief under the WPCL in the instant case still depends upon the existence of a contract.

provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned.'" Scott, 2012 WL 645905, at *4 (quoting Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990); Laborers Combined Funds v. Mattei, 518 A.2d 1296, 1298 (Pa. 1986)).

In the instant case, the court finds that the plaintiff has failed to adequately state a claim under the WPCL because he has, as is fully explained above, failed to adequately plead a breach of contract. Since the contractual obligation to pay wages is a necessary element of a WPCL claim, this claim must fail as plaintiff did not allege the essential terms of his employment agreement in the complaint. In this respect, this case is analogous to Mavrinac v. Emergency Medicine Association of Pittsburgh, in which the court found that the plaintiff failed to set forth the necessary elements to plead a breach of contract and that her WPCL claim should be dismissed. See Mavrinac, 2005 WL 2304995, at *8. Even though the plaintiff in Mavrinac alleged that the contract existed, that it was breached and that she was damaged, the court nonetheless found that the plaintiff failed to adequately plead a breach of contract because she did not attach a copy of the contract or set forth the terms of the contract in the complaint. Id.

The plaintiff in the instant case, like the plaintiff in Mavrinac, alleged that some form of agreement was in place, that defendants breached it and that he suffered very specific damages ($404,249.39 in unpaid wages). Plaintiff's exhibits, the dishonored paychecks, corroborate that defendants employed

13

plaintiff and that he suffered at least some damages, but the terms of the agreement are left undefined. Therefore, we will grant defendants' motion and the WPCL claim will be dismissed without prejudice.

### III. Unjust Enrichment

Plaintiff claims in the final count of the complaint that he is entitled to $404,249.39 in damages pursuant to the theory of unjust enrichment. Defendants argue in their motion to dismiss that plaintiff has failed to state a claim under the theory of unjust enrichment because plaintiff failed to allege facts concerning the benefit conferred to defendants. The court agrees that plaintiff has not stated a claim for unjust enrichment and this claim will also be dismissed without prejudice.

Pennsylvania courts have held that "'[u]njust enrichment' is essentially an equitable doctrine." Styer v. Hugo, 619 A.2d 347, 350 (Pa. Super. Ct. 1993). In Pennsylvania, a party seeking to plead unjust enrichment must allege the following elements: "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) the defendant's acceptance and retention of the benefit 'under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'" Giordano v. Glaudio, 714 F. Supp. 2d 508, 530 (E.D. Pa. 2010) (quoting Filippi v. City of Erie, 968 A.2d 239, 242 (Pa. Commw. Ct. 2009)). Under these circumstances, "the law implies a contract between the parties pursuant to which the plaintiff must be compensated for the benefits unjustly received by the defendant." Styer, 619 A.2d at 350. The

existence of such a contract "requires that the defendant pay the plaintiff the value of the benefits conferred . . . ." Id.

Plaintiff argues that he adequately alleges facts to support a claim of unjust enrichment, in particular, plaintiff claims that paragraphs 36-38 of his complaint state a claim that defendants received a "benefit." (Doc. 7, Pl.'s Br. in Opp'n to Mot. to Dismiss at 10). These paragraphs provide as follows:

> 36. Gross, as the CEO of SG Printing, had a financial interest in SG Printing and benefited (sic) from the success of SG Printing.
>
> 37. By working as an employee of SG Printing through June 11, 2011, Deron provided a benefit to Defendants to which he was not compensated.
>
> 38. By allowing Deron to work at SG Printing without paying him all of the wages and commissions he earned while employed at SG Printing, Defendants will receive a benefit to which they are not entitled.

(Compl. ¶¶ 36-38). Plaintiff also claims that $404,249.39 in damages are due under the theory of unjust enrichment, the same amount plaintiff claims in unpaid wages. (Id. ¶¶ 24, 33, 40).

As is discussed above, plaintiff does not allege the sales he generated for SG Printing, only the sum of money he claims in commission fees. Plaintiff also does not assert the number of hours he worked or, even more generally, what he did in his capacity as Vice President of Sales during this time. Plaintiff's assertion of a "benefit" in paragraphs 36-38 of the complaint amounts to little more than a formulaic recitation of the elements of unjust enrichment, and such pleadings cannot survive a motion to dismiss. See DelRio-Mocci, 672 F.3d at 245 (citing Twombly, 550 U.S. at 555).

Furthermore, finding that plaintiff's allegations amount to a "benefit" would require undue speculation.  Accordingly, plaintiff's claim for unjust enrichment will be dismissed without prejudice because he did not adequately state what benefit he conferred to both defendants.

**Conclusion**

For the reasons stated above, plaintiff's claims will be dismissed without prejudice.  The court, however, will grant plaintiff leave to file an amended complaint.  The court will direct plaintiff to file such an amended complaint to cure the defects identified above within twenty days.  In light of the court's ruling, it was not necessary to address the parties arguments regarding Rule 12(e).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DERON, | : | No. 3:11cv1934 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SG PRINTING, INC. and | : | |
| SYE GROSS, | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 25th day of May 2012, Defendants' motion to dismiss plaintiff's complaint (Doc. 5) is hereby **GRANTED** and the complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is directed to file an amended complaint, consistent with this memorandum, within twenty (20) days of the date of this Order. The Clerk of Court shall close this case in the event that plaintiff neglects to file such an amended complaint.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**