# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON DERON, **Plaintiff** | No. 3:11cv1934 |
| v. | (Judge Munley) |
| SG PRINTING, INC. and SYE GROSS, **Defendants** | |

## **MEMORANDUM & ORDER**

Before the court is Plaintiff Jason Deron's (hereinafter "plaintiff") motion for sanctions. (Doc. 37). Plaintiff's motion arises out of Defendants SG Printing, Inc. and Sye Gross' (collectively "defendants") refusal to participate in this litigation. The court agrees with plaintiff that judgment in his favor is warranted given defendants' actions (or inactions); thus, for the reasons stated below, the court will grant judgment in plaintiff's favor and against defendants.

Plaintiff initiated the instant litigation on October 18, 2011 by filing a complaint. (Doc. 1). Defendants responded to the complaint with a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). After carefully considering defendants' motion to dismiss, the court identified several fatal flaws with plaintiff's initial pleading and ordered it dismissed without prejudice to plaintiff filing an amended complaint. (Doc. 8).

On June 13, 2012, plaintiff filed an amended complaint, which asserts causes of action against defendants for a (1) violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 PA. CONS. STAT. ANN. § 260.1, et seq.; (2) breach of contract; and (3) unjust enrichment. (Doc. 9). Plaintiff's claims relate to defendants' alleged failure to pay plaintiff wages in the form of commissions.[1] Defendants responded to the amended complaint with a Rule 12(b)(6) motion to dismiss, which the court denied on September 4, 2012. (Docs. 11, 15).

Defendants answered plaintiff's complaint and filed counterclaims on September 25, 2012. (Doc. 18). On October 17, 2012, the court held a case management conference pursuant to Federal Rule of Procedure 26(f), and, subsequent to the case management conference, the court entered an order directing the parties to commence discovery and to conclude such discovery by February 15, 2013. (Docs. 25, 26). Pursuant to the Federal Rules of Civil

---

[1] Plaintiff alleges in his amended complaint that Defendant Gross was the CEO, sole owner and sole director of Defendant SG Printing, and, as such falls under the definition as an "employer" under the WPCL (Doc. 9, Am. Compl. ¶ 68; Doc. 15, Mem. & Order dated Sept. 4, 2012 at 20 n.2). Plaintiff served as SG Printing's Vice-President of Sales from August 2005 to June 2011, at which time Gross abruptly closed the business. (Doc. 9, Am. Compl. ¶¶ 19, 48). While employed with defendants, plaintiff received wages in the form of commissions based upon his sales. (Id. ¶¶ 12, 17). Prior to his termination, plaintiff was entitled to $404,251 in unpaid commission wages and unreimbursed expenses. (Id. ¶ 54).

2

Procedure, initial disclosures in this case were due on October 31, 2012.  See Fed. R. Civ. P. 26(a).  Despite plaintiff's requests, defendants did not provide plaintiff with the compulsory initial disclosures.

Defendants also failed to provide information pertaining to defendants' financial status that they agreed to provide in paragraph 6.2 of the joint case management plan.  Additionally, defendants have ignored plaintiff's requests for interrogatories and production of documents despite their obligation to respond to such discovery requests pursuant to Federal Rules of Civil Procedure 33 and 34.  Moreover, plaintiff served defendants with notice to take Defendant Gross' deposition on February 5, 2013.  (Doc. 37-3, Ex. B, Notice of Dep.).  On the day before Gross' scheduled deposition, counsel for defendants contacted plaintiff and informed him that Gross refused to attend the deposition.

Plaintiff filed the instant motion for sanctions and a brief in support thereof on February 25, 2013.  (Docs. 37, 38).  Defendants failed to file a brief in opposition within the two weeks allowed by the local rules of court.  See L.R. 7.6.  On March 12, 2013, the court issued an order directing defendants to file a brief in opposition to plaintiff's motion for sanctions within seven days or risk having the motion for sanctions granted as unopposed.  (Doc. 40).

Defendants have yet to file an appropriate brief and the deadline has passed.

A review of the record reflects that plaintiff afforded defendants every opportunity to: (1) produce initial disclosures pursuant to Rule 26(a); (2) provide information as set forth in the joint case management plan; (3) produce responses to plaintiff's discovery requests; and (4) appear for deposition. Defendants, however, have only demonstrated their intent not to participate in the instant litigation. The Federal Rules of Civil Procedure permit courts to award default judgment against a party if that party fails to provide initial disclosures required by Rule 26(a), fails to respond to Rule 33 or 34 discovery requests, and/or when a properly noticed party fails to appear for a deposition. See FED. R. CIV. P. 37(c)(1), (d)(1), (3). The court finds that, given defendants' extreme indifference in further defending this case, default judgment in plaintiff's favor is the fairest sanction the court can impose.[2] The

---

[2] The court appreciates that denying defendants' ability to defend this action and granting plaintiff default judgment is an extreme sanction. Courts in the Third Circuit consider a six-part test to assess the appropriateness of such discovery sanctions. See Schindler Elevator Corp. v. Otis Elevator Co., No. 09-cv-0560, 2011 WL 4594225, at *6 (D.N.J. Mar. 24, 2011) (citing Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 691 (3d Cir. 1988)). These factors include "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

court need not issue a prior directive order to defendants before granting default judgment in favor of plaintiff for defendants' failure to comply with the discovery requirements of the federal rules.  See Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 35-36 (3d Cir. 1979), repudiated on other grounds by Alexander v. Gino's Inc., 621 F.2d 71 (3d Cir. 1980) (affirming the district court's dismissal of an action pursuant to Rule 37 and holding that "[w]hen it has been determined that a party has willfully failed to comply with the rules of discovery, it is within the discretion of the trial court to dismiss the action.").

Thus, the court will grant plaintiff default judgment in the amount of $505,313.00.  The court arrived at this judgment amount after adding a liquidated damages award of $101,062 to the $404,251 in unpaid wages and expenses defendants owe plaintiff.  See 43 PA. CONS, STAT. ANN. § 260.10

---

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  In the instant case, the court finds: (1) defendants are responsible for not participating in the discovery phase of this litigation; (2) plaintiff is highly prejudiced by defendants' failure to produce any discovery as defendants were his employers and may posses vital facts pertaining to plaintiff's claims; (3) defendants have a history of dilatoriness dating back to October 2012; (4) defendants have offered no excuse for their behavior; (5) no other sanctions can possibly be effective when the recalcitrant party no longer participates in the case; and (6) plaintiff's claim for sanctions and relief appears to be meritorious.  Accordingly, these factors weigh heavily in favor of granting plaintiff default judgment.

(providing for a liquidated damage award of 25% of the principal amount due). The court will also award plaintiff reasonable attorneys' fees and costs pursuant to 43 PA. CONS. STAT. ANN. § 260.9a(f).

**AND NOW**, to wit, this 3rd day of April 2013, Plaintiff Jason Deron's motion for sanctions (Doc. 37) is hereby **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff Jason Deron and against Defendants SG Printing, Inc. and Sye Gross in the amount of $505,313.00. Pursuant to 43 PA. CONS. STAT. ANN. § 260.9a(f), plaintiff may submit a petition for the award of reasonable attorneys' fees and costs within fourteen (14) days of the date of this Memorandum and Order. Defendants shall have fourteen (14) days from the date of plaintiff's filing to respond thereto . The Clerk of Court is directed to **CLOSE** this case.

                                            **BY THE COURT:**

                                            <u>s/ James M. Munley</u>
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**